In re LORAZEPAM & CLORAZEPATE ANTITRUST LITIGATION.

This Opinion applies to: United Wisconsin Services, Inc., et al., Plaintiffs,

v.

Mylan Laboratories, Inc. et al., Defendants.

and

Arkansas Carpenters Health and Welfare Fund, Plaintiff,

v.

Mylan Laboratories, Inc. et al., Defendants.

Nos. MDL 1290(TFH), 99ms276(TFH).

United States District Court, District of Columbia.

Sept. 4, 2001.

Richard Alan Feinstein, Washington, DC, Peter H. Williams, Office of Attorney General, Tallahassee, FL, Kimberly L. King, Office of Attorney General, Tallahassee, FL, Ann Beimdiek Kinsella, Minnesota Attorney General's Office, St. Paul, MN, Robert W. Pratt, Chicago, IL, Don R. Sampen, Office of Attorney General, Chicago, IL, Susan E. Raitt, Robert L. Hubbard, John Andrew Ioannou, Attorney General of the State of New York, New York City, Mitchell Lee Gentile, Rajeev Kumar Malik, Doreen Claire Johnson, Attorney General's Office State of Ohio, Columbus, OH, Terry A. Lupia, Office of Attorney General, Harrisburg, PA, Douglas L. Davis, Office of Attorney General, Charleston, WV, Michael David Hausfeld, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Washington, DC, Ellen Schiff Cooper, Office of Attorney General, Baltimore, MD, Daveed Schwartz, Attorney General State of Alaska, Anchorage, AK, Mark Pryor, Office of Attorney General, Little Rock, AR, Natalie S. Manzo, Office of Attorney General, Los Angeles, CA, Maria E. Berkenkotter, Jennifer F. Connolly, Office of Attorney General, Denver, CO, Joseph Stephen Betsko, Attorney General of the Commonwealth of Pennsylvania, Harrisburg, PA, Arnold B. Feigin, MacKenzie Hall, Office of Attorney General, Hartford, CT, Donald Stuart Cameron, Washington, DC, Brett T. DeLange, Idaho Attorney General, Boise, ID, John F. Dwyer, Des Moines, IA, David Vandeventer, Office of Attorney General, Baton Rouge, LA, Jane Bishop Johnson, Baton Rouge, LA, Stephen L. Wessler, Augusta, ME, Jennifer Granholm, Assistant Attorney General's Office, Lansing, MI, Michael J. Delaney, Office of Attorney General, St. Louis, MO, Patricia A. Madrid, Albuquerque, NM, Steven J. Leippert, Oklahoma City, OK, Andrew E. Aubertine, Salem, OR, C. Havird Jones, Jr., Office of Attorney General, Columbia, SC, Jeffrey P. Hallem, South Dakota Attorney General's Office, Pierre, SD, Dennis J. Garvey, J. Patrick Riceci, Office of Attorney General, Nashville, TN, Kelly Garcia, Office of Attorney General, Austin, TX, Wayne Klein, Salt Lake City, UT, Rebecca Ellis, Julie Brill, Montpelier, VT, Marta Lowy, Seattle, WA, Mary Nicole Strimel, Cohen, Milstein, Hausfelt & Toll, P.L.L.C., Washington, DC, Thomas Campbell, Gardner, Carton & Douglas, Chicago, IL, Herbert T. Schwartz, Williams, Bailey Law Firm, L.L.P., Houston, TX, Jack C. Sando, Bethesda, MD, Bernard Persky, Barbara J. Hart, Hollis L. Salzman, Ngozi Okaro, Goodkind Labaton Rudoff & Sucharow, New York City, Melvin Howard Orlans, Washington, DC, Stanley Grossman, Linda P. Nussbaum, Pomerantz, Haudek, Block & Grossman, New York City, John T. Cusack, Gardner, Carton & Douglas, Chicago, IL, Robert S. Schachter, Zwerling, Schachter & Zwerling, Seattle, WA, Reuben Guttman, Provost & Umphrey Law Firm, L.L.P., Washington, DC, Robert T. Rhoad, Porter, Wright, Morris & Arthur, Washington, DC, for plaintiffs.

David Hensler, Hogan & Hartson, L.L.P., Washington, DC, Robert N. Kravitz, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, Seth E. Brown, Morrison & Foerster, LLP, McLean, VA, Linda P. Nussbaum, Pomerantz, Haudek, Block & Grossman, New York City, Andrew S. Marovitz, Mayer, Brown & Platt, Chicago, IL, Hollis L. Salzman, Goodkind, Labaton Rudoff & Sucharow, New York City, Diane Kelleher, U.S. Department of Justice, Civil Division, Washington, DC, John F. Kinney, Freeman, Freeman & Salzman, P.C., Chicago, IL, Martin Seidel, David Park, James Miller, Clifford Chance Rogers & Wells, LLP, New York City, Steven A. Newborn, Joseph Jay Simons, Clifford, Chance, Rogers & Wells, LLP, Washington, DC, Kevin J. Arquit, John K. Carroll, Clifford, Chance, Rogers & Wells, LLP, New York City, Stephen L. Klimjack, Jackson, Taylor, Martino & Hedge, Mobile, AL, Meredyth Smith Andrus, Baltimore, MD, Craig G. Harley, Atlanta, GA, Barron Grier, Columbia, SC, Ken Boss, Washington, DC, Robert S. Schachter, Zwerling, Schachter & Zwerling, Seattle, WA, Ann M. Ashton, Debevoise & Plimpton, Washington, DC, Jonathan R. Tuttle, Timothy K. Beeken, Charles D. Atkins, Debevoise & Plimpton, New York City, Peter Dean Isakoff, David A. Hickerson, Weil, Gotshal & Manges, L.L.P., Washington,

DC, Sidney Samuel Rosdeitcher, Michael P. Bowen, Lewis Farberman, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendants.

### MEMORANDUM OPINION

THOMAS F. HOGAN, Chief Judge.

Pending before the Court is a motion by Individually Represented Companies ("IRCs") seeking leave of the Court or, in the alternative, intervention to pursue the following limited discovery in the form of a document request: "All documents in Class Counsels' possession relating to their analysis and/or assessment of indirect purchaser damages, to specifically include any expert damages analysis and/or assessment." IRC Mot. at 2; IRC Mem. at 3. Class Counsel has thus far refused to provide such discovery and now opposes the IRCs' motion. Upon careful consideration of the motion, the opposition and reply thereto, and the entire record herein, the Court will deny the motion.

### I. BACKGROUND

The IRCs are indirect purchasers/third party payors, like the plaintiffs, who claim antitrust injury from the defendants' anticompetitive behavior. The plaintiffs, class representatives in this lawsuit, filed this action in May 1999. In July 2000, the plaintiffs and defendants announced a settlement of this suit conditioned upon final documentation and Court approval. In February 2001, this Court preliminarily approved the settlement and conditionally certified the class.

The IRCs have been aware of this lawsuit since at least September 1999 and have had communications concerning the settlement with the IRCs and Class Counsel since the July 2000 settlement announcement. Beginning around October 2000, the IRCs requested from Class Counsel their detailed expert damage analysis. The IRCs then repeated their request unsuccessfully for nine months. The IRCs made their final request by letter to Class Counsel on July 18, 2001, which resulted in an express refusal by Class Counsel to turn over the requested documents unless and until the IRCs did not opt out of the settlement by August 31, 2001.

Feeling as though they were in the "untenable position of making a decision ... whether to opt-out of the settlements without the benefit of information concerning the adequacy of the settlements fund," the IRCs filed the instant motion for leave of Court to propound their document request or, in the alternative, to intervene under Federal Rule of Civil Procedure 24 to do the same.

### II. DISCUSSION

#### A. Leave of Court

■ The IRCs first seek leave of the Court to propound their document request. In support thereof, the IRCs argue that courts permit class members to engage in limited discovery, citing *Girsh v. Jepson,* 521 F.2d 153, 157 (3d Cir.1975), and *In re General Motors Corporation Engine Interchange Litigation,* 594 F.2d 1106, 1123 (7th Cir. 1979). They also point toward their fiduciary duty as agents on behalf of their self-funded customers to make a reasonable and principled decision about whether or not to opt out of the settlement. Finally, the IRCs raise the specter that Class Counsel is acting in their own interests, contrary to the interests of the class, which "may well constitute a conflict of interest that disqualifies Class Counsel from adequately representing" the class. IRC Mem. at 11.

The plaintiffs, in opposition, contend that the IRCs, like all other class members, have three choices at this juncture: participate in the class by not opting out, participate in the class and file objections to the terms of the settlement to be heard at the fairness hearing in November 2001, or opt out and preserve their rights separately to prosecute their claims. Until the plaintiffs have made their decision to stay in the class by not opting out or until they have properly intervened, they argue, the IRCs are not entitled discovery. *See In re Potash Antitrust Litig.,* 162 F.R.D. 559, 560–62 (D.Minn.1995). Moreover, the plaintiffs contend, the settlement amounts are public information and the IRCs ought to be able to calculate their own purchases of the drugs in the relevant jurisdictions and the increased payments made for them, the total third party payor pur-

chases of the drugs, and their share of the net settlement proceeds. In the plaintiffs' view, therefore, the discovery request is unnecessary.

The Court agrees with the plaintiffs and will deny leave to pursue the document request at this time. The cases relied upon by the IRCs are inapposite in this context. In *Girsh*, the Third Circuit reversed the district court's final approval of a class action settlement and remanded for clarification of the record. 521 F.2d at 154–55, 159–60. The *Girsh* court deemed the record to be inadequate, specifically finding, *inter alia*, that the "objector ... was not afforded an adequate opportunity to test by discovery the strengths and weaknesses of the proposed settlement." *Id.* at 157. That is, "[a]s an objector, Frackman was in an adversary relationship with both plaintiffs and defendants and was entitled to at least a reasonable opportunity to discovery against both." *Id.* The Seventh Circuit similarly reversed the district court's final approval of a subclass settlement in *General Motors*, in pertinent part finding that "the conduct of the negotiations [for the settlement] was relevant to the fairness of the settlement and that the trial court's refusal to permit discovery or examination of the negotiations constituted an abuse of discretion." 594 F.2d at 1124. Both cases, therefore, were decided in the context of appeal from final approval of the settlements. They involved actual class members—individuals that had not opted out—who had objected to the fairness of settlement and had been denied relevant and important discovery.

This case in its current posture, by contrast, presents only the issue of opt out for purported class members. At this juncture, the Court has not yet determined the fairness of the settlement for final approval purposes. It will not do so until November. The IRCs are thus positioned very differently than the individuals at issue in *Girsh* and *General Motors*. Though they claim to be "inclined" to stay in the class, the opt-out date has not yet passed. The IRCs, therefore, have not committed to remaining in the class, let alone made objections to the settlement. In this regard, this case is more akin

to *Potash*, 162 F.R.D. at 560–61. There, an interregional cooperative sought "to be permitted to appear so as to assist its constituent members in making an informed decision on whether to opt in, opt out, or otherwise participate in this class action" and sought discovery accordingly. *Id.* at 560–61. The court denied the cooperative's appearance under Rule 23(c)(2), holding that the Rule permits a party to appear only "after it has decided not to opt-out of the class":

> Otherwise, counsel for the class, as well as counsel for the Defendant, could be overwhelmed with discovery and information requests by innumerable potential class members whose ultimate allegiance may not be disclosed until an election is made to participate within the class or to be excluded.... [T]o permit [the cooperative] to inspect those documents that class counsel have culled, from the wealth of materials that the Defendants have produced to date, could contravene the interests of the class as a whole, particularly if [the cooperative] should ultimately decide to opt-out of the class.

*Id.* at 561 & n. 3. Despite their contention that they are not seeking an appearance under Rule 23(c)(2), the IRCs fail to adequately distinguish their present action, and their prayer for leave of the Court appears to be tantamount to the same thing. The Court thus finds *Potash* analogous and will deny the IRCs' motion for leave of Court to seek discovery at this time.

In addition, the Court is unconvinced for the reasons articulated by the plaintiffs above that the IRCs have insufficient information to make a reasonable decision whether to opt-out at this stage in the litigation. The IRCs have known about this settlement for over a year. While the Court commends the IRCs' efforts to work out with Class Counsel their concerns, it is a mystery to the Court why they have waited until the eleventh hour, on the eve of the opt-out date, to file the instant motion. Without a more convincing showing, the Court can find no colorable prejudice to the IRCs at this point; they may still opt-out and preserve their rights or they may opt into the settlement class. If they choose the latter course, they may still

file objections with the Court concerning the settlement's fairness if they have them, and if necessary, the IRCs may come back to this Court to seek discovery in support thereof. Juxtaposed to the prejudice to the class of derailing the current schedule for the purposes of the IRCs' last-minute document request, the Court cannot strike the balance in favor of the IRCs and will deny leave to seek the document request. *Cf. Potash*, 162 F.R.D. at 562.[1]

## B. Intervention

■ The IRCs alternatively seek to intervene to pursue their limited discovery request. The Federal Rules of Civil Procedure authorize intervention of right as follows:

> Upon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a)(2). The D.C. Circuit has established four requirements for parties who wish to intervene under Rule 24(a)(2): "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." *S.E.C. v. Prudential Securities, Inc.*, 136 F.3d 153, 156 (D.C.Cir.1998) (citing *Williams & Humbert, Ltd. v. W. & H. Trade Marks (Jersey), Ltd.*, 840 F.2d 72, 74 (D.C.Cir.1988)). And in addressing a motion

to intervene in class action suits, the Court must strike a balance a "balance between keeping class litigation manageable and allowing affected parties to be adequately heard ...." *Twelve John Does v. District of Columbia*, 117 F.3d 571 (D.C.Cir.1997).

■ The IRCs argue that their motion is timely because they have repeatedly requested the expert damage analysis from Class Counsel. With respect to a legally protected interest, the IRCs identify their estimated recovery of $8.75 million if they remain in the settlement class, and they argue that they mere fact that they are involved at this point evidences the inadequacy of Class Counsel. The plaintiffs counter that the IRCs' motion is untimely, that Class Counsel is adequate, and that the IRCs cannot show impairment of interest.

The Court can find neither impairment of interest to the IRCs nor evidence of the inadequacy of Class Counsel sufficient to grant intervention of right, and it concludes that the IRCs' motion is untimely. As noted in detail above, the IRCs may still opt out and preserve their rights; there are no restraints on the ability of any defendant to settle with any opt outs nor on the ability of any opt out, including the IRCs if they choose to do so, to pursue their own claims independently. If they choose to stay in the class, on the other hand, they may still file objections with the Court concerning the settlement's fairness and may come back to seek discovery if necessary. Thus, the Court finds no impairment of interest. *Cf. In re Vitamins Antitrust Litig.*, 1999 WL 1335318, *3 (D.D.C. Nov.23, 1999). And there is sufficient information for the IRCs to make a decision about opting out, rendering an expert damage assessment superfluous at this point. Moreover, the record is devoid of

---

**1.** As similarly stated in Potash:

> [W]e would merely note that this case has been pending for a sufficient period to permit any interested member of the certified class to have conducted its own factual investigation, and that, as a member of the certified class, [the cooperative] has the opportunity of conferring with class counsel so as to ascertain their diligence, competence and wherewithal to press the class claims against these Defendants. If [the cooperative] concludes, after electing to remain in the class, that its interests

> would be better served through an appearance by its own counsel or, if [the cooperative] should wish to participate through intervention, then the procedures of Rule 23(c)(2) will continue to be readily accessible for those purposes.... At this juncture, we find [the cooperative's] interest in making an appearance to be premature, and to potentiate toward an unfairness to the class and to the conduct of this action through unnecessary delay, complication and expense to all concerned.

162 F.R.D. at 562.

evidence on Class Counsel's inadequacy. The only hint of inadequacy stems from the IRCs' unsubstantiated speculation concerning Class Counsel's motives. Merely refusing to provide a document request does not by itself evidence a conflict of interest warranting intervention at this stage, especially in light of the fact that the IRCs will suffer no prejudice. In any event, the Court finds the IRCs' motion untimely. The IRCs waited nine months to file this motion, pointing to Class Counsel's repeatedly refusals to cooperate as its only explanation for doing so. Because the IRCs had more than sufficient time to investigate on their own, because they waited until the last minute to file this motion, because they will suffer no prejudice, and because prejudice could potentially result to the rest of class from further delay to the resolution of this matter, the Court concludes that the motion is untimely. *See, e.g., Stewart v. Rubin,* 948 F.Supp. 1077, 1103 (D.D.C.1996) (stating that the Court will consider the length of time the intervenor knew or should have known of her interest in the case; the prejudice to the original parties resulting from the intervenor's delay; the prejudice, if any, to the intervenor if the motion is denied; and any unusual circumstances in determining timeliness). *Cf. Scardelletti v. Debarr,* 265 F.3d 195, 202–03 (4th Cir.2001). For all of these reasons, the Court will deny the IRCs' motion to intervene under Rule 24(a).

■ The Court will also deny permissive intervention at this time. Rule 24(b)(2) provides:

Upon timely application anyone may be permitted to intervene in an action … when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24(b)(2). "As its name would suggest, permissive intervention is an inherently discretionary enterprise." *E.E.O.C. v. National Children's Ctr., Inc.,* 146 F.3d 1042, 1046 (D.C.Cir.1998) (citing *Hodgson v. United Mine Workers of America,* 473 F.2d 118, 125 n. 36 (D.C.Cir.1972)). In deciding whether to exercise this discretion, the Court considers whether the putative intervenors have shown: "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *Id.*

■ There is no dispute over jurisdiction. *See* 28 U.S.C. §§ 1332(a), (c), and 1367(a). But for the same reasons as noted above, the Court finds the motion untimely, *see In re Discovery Zone Securities Litig.,* 181 F.R.D. 582, 599 (N.D.Ill.1998) ("The timeliness analysis is substantively the same under both subsections of Rule 24."), and will accordingly deny permissive intervention. Even if the motion was timely, however, the Court would deny it. The IRCs have merely cited their "concern" about the fairness, reasonableness, and adequacy of the proposed settlements. While it may be true that the IRCs have a significant economic interest in the settlements, they have neither articulated a particular claim or defense of their own nor any prejudice that will result from having to decide whether or not to opt-out that would necessitate intervention for discovery at this stage.

### III. CONCLUSION

For the foregoing reasons, the Court will deny the IRCs' motion for leave of the Court or, in the alternative, intervention to pursue limited discovery. An appropriate order will accompany this Memorandum Opinion.

### *ORDER*

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that Individually Represented Companies ("IRCs") motion for leave of the

Court or, in the alternative, intervention to conduct limited discovery is **DENIED**.

**SO ORDERED.**